## MILEAGE OF WITNESSES RESIDING BEYOND THE ADJOINING COUNTY.

[Common Pleas Court of Franklin County.]

WYLIE v. DUFFY.

Decided, December 22, 1903.

*Costs—Statutes Relating to Attendance of Witnesses—Voluntary Appearance of Witness Residing beyond the Adjoining County.*

1. A witness residing in the county of the suit, or in an adjoining county, who is notified to report, and in good faith to facilitate justice and prevent delay does report and is subpenæd upon arrival, is entitled to statutory mileage from his place of residence.
2. But there being no jurisdiction to compel attendance beyond these limits, a witness from beyond the adjoining county who so reports voluntarily and is there subpenæd, is entitled to one dollar and no more.

DILLON, J.

This cause is heard on motion to re-tax costs.

The facts are that one Gertrude Stauffer, a witness residing at Dayton, Ohio, was notified by the plaintiff that she was in good faith wanted to testify in this case, and that a subpœna would be served on her arrival here; that to facilitate justice and prevent delay she voluntarily came to Columbus, a distance of about seventy miles, and was served with a subpœna in the court house. Subsequently there was taxed in her favor the usual mileage of five cents per mile each way.

By this motion of the defendant it is sought to re-tax the costs and strike out the allowance of $7 mileage.

It is provided by Section 1301 that in civil cases a witness shall be allowed for each day's attendance the sum of $1 and five cents per mile from his place of residence to the place of holding court and returning therefrom.

By Section 1303 it is provided that all persons called upon to testify in a cause in which they are not summoned shall receive the sum of twenty-five cents.

By Section 5250 the jurisdiction and power of the common pleas court to compel the attendance of witnesses in civil cases (with certain exceptions with which we are not concerned here) is limited to the county in which the witness resides and to any adjoining county. Therefore in this case, as the witness resided beyond these limits, she could not have been compelled to come by subpœna.

It follows therefore that depositions must be used as to witnesses residing beyond an adjoining county who do not voluntarily come to the place of trial, and that if no subpœna be issued at all every voluntary witness shall receive but twenty-five cents.

It is the evident intent and wise provision of the statute to limit the amount of fees to be allowed in civil cases of his kind. Two propositions, I think, irresistably follow the consideration of the statutes.

1st. That a witness residing in the county of the suit or in an adjoining county who is, in proper emergency, immediately notified to report as a witness at the trial, to be subpœnaed upon arrival and in good faith to facilitate justice and prevent delay, does so report and is subpœnaed upon arrival, is entitled to statutory mileage of five cents per mile each way from his residence.

2d. But, there being no jurisdiction to compel attendance beyond these limits, a witness so residing who so reports voluntarily for trial and is there subpœnaed, is entitled to one dollar and no more.

The argument that such a witness should be allowed at least the mileage as to a resident of the farther limits of the adjoining county, can not be supported by the law, nor by the reasons and objects of the statutes which bar all the world from mileage except those resident of certain confines.

The motion to re-tax costs is sustained accordingly.